## MARSHALL v. STATE.
### No. 24888.

Court of Criminal Appeals of Texas.
Nov. 15, 1950.

Ben Henderson, Dallas, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for aggravated assault, with a fine of One Thousand Dollars.

The appellant, a male person seventy-seven years of age, was charged with an aggravated assault on a female. He was the owner and operator of a business known as the Bama Pie Company, with plants in nine large cities over the country, and was assisting his daughter in the operation of the Dallas plant. Prosecutrix, a young girl, was employed in the Dallas factory. According to her story, appellant had been getting around close to her in her work, winking at her, etc.

She says she went into the stock room for supplies and was followed by appellant who grabbed her from behind and fondled her person. She says he asked her to kiss him and called her "sweetie-pie". She claims that she reported the matter to her superior immediately, but this does not seem to be verified by any circumstances or the evidence of any other witness in the case. She reported the matter to her parents who caused her to file a complaint.

The bills of exception were not filed in time and cannot be considered by this Court. They did not come forward with the record. Appellant has filed a motion in this Court asking that the clerk be directed to send a supplemental transcript containing the bills. This motion is accompanied by a copy of the bills. The State has contested same with a certificate of the trial judge which controverts the grounds alleged upon which the writ for certiorari is sought. We have examined the copies of the bills accompanying the application and find no error shown by them, even if they had been approved and in the record. It therefore becomes a useless procedure to order them sent up with the record. The contest of the State is not denied and, accordingly, the writ is refused.

We find no reversible error in the procedure reflected by the record and the judgment of the trial court is affirmed.